UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01773-SSS-SPx | Date | January 22, 2026 |
| Title | *Abeer Zawahreh v. Kristi Lynn Arnold Noem* | | |

Present: The Honorable SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE APPLICATION TO VACATE ORDER TO REMAND CASE [DKT. NO. 15]**

Before the Court is Plaintiff's ex parte Application to Vacate the Court's Order to Remand filed on January 19, 2026. [Dkt. No. 15, "Application" or "App."]. Respondents filed their Opposition to the Application on January 21, 2026. [Dkt. No. 18, Opposition or "Opp."]. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Application.

## I. BACKGROUND

Given the various proceedings associated with this matter, the Court first describes the underlying petition in this case and then details the procedural posture at which Plaintiff's Application is before the Court.

### A. Plaintiff's Application for Naturalization

Plaintiff Abeer Zawahreh is a stateless national of Palestine. [Dkt. No. 1 ¶ 7, "Complaint"]. She has been a lawful permanent resident of the United States since

August 25, 2016. [*Id.*]. Plaintiff is married to Mamoon Zawahreh, who is a naturally-born citizen of the United States. [*Id.* ¶ 11; *see also* App. at 7].

On April 16, 2021, Plaintiff filed Form N-400, an Application for Naturalization, with Defendant United States Citizenship and Immigration Services ("USCIS"). [Complaint ¶ 8]. According to the Complaint, Plaintiff's application was filed pursuant to the Immigration and Nationality Action ("INA") for the purpose of acquiring U.S. citizenship. [*Id.*]. USCIS accepted her application and the accompanying filing fee. [*Id.*].

To determine Plaintiff's eligibility for naturalization, USCIS issued a notice instructing Plaintiff to appear at the USCIS Santa Ana Field Office on February 22, 2023. [Complaint ¶ 10]. On that date, Plaintiff appeared at the USCIS Field Office, where an Immigration Services Officer tested her ability to read, write, and speak English as well as her knowledge of U.S. history and civics. [*Id.* ¶ 11]. Plaintiff passed each of these tests. [*Id.*].

After administering these tests to Plaintiff, the Immigration Services Officer then began to "extensively question[] Plaintiff about her husband." [Complaint ¶ 11]. Topics ranged from Plaintiff's husband's "work, his associates, and whether he own[ed] any firearms." [*Id.*]. Upon concluding the interview, the Immigration Services Officer issued Plaintiff a notice "confirming that she had passed all of the required tests," but stated that a decision could not yet be made as to her application. [*Id.* ¶ 12].

USCIS then issued another notice for Plaintiff to appear at the USCIS Santa Ana Field Office for a second in-person examination to be scheduled for July 18, 2023. [Complaint ¶ 13]. Plaintiff once again appeared at the office as instructed, where she was examined by the same Immigration Services Officer. [*Id.* ¶ 14]. That officer informed Plaintiff that "the sole purpose of this second interview" was due to the officer's supervisor wanting to ask Plaintiff additional questions about her husband. [*Id.*]. The second interview lasted around four hours and included questions exclusively about Plaintiff's husband. [*Id.*]. At the end of the second interview, Plaintiff received the same notice from the Immigration Services Officer that Plaintiff had passed all of the required tests, but that a decision could not yet be made as to her application.

### B. Plaintiff's Attempts to Receive Relief from USCIS

Over two years have passed since these interviews. Yet, USCIS has not adjudicated Plaintiff's Application for Naturalization. Given this delay, Plaintiff contacted USCIS on multiple occasions to inquire about the status of her Application for Naturalization. [Complaint ¶ 17]. USCIS failed to meaningfully respond to these inquiries. [*Id.*].

On January 24, 2024, Plaintiff submitted an online inquiry to USCIS because her application had been pending beyond the normal processing times published on USCIS's website. [Complaint ¶ 18]. USCIS responded the next day, noting that it anticipated a delay in completing her case "[d]ue to workload factors not related to [her] application." [*Id.* ¶ 19]. USCIS further noted that they anticipated the delay "to be approximately 6 months from the date of this notice." [*Id.*].

On May 24, 2024, Plaintiff contacted USCIS again. [Complaint ¶ 20]. She received a response from USCIS on June 4, 2024; the response was identical to the one she received on January 25, 2024. [*Id.*].

### C. This Instant Action

Having exhausted the forms of administrative relief available to her, Plaintiff submitted in this Court a petition for review pursuant to 8 U.S.C. § 1447(b) on July 14, 2025. [*See generally* Complaint]. The suit states a single claim for relief: that this Court to remand her Application for Naturalization with instructions for USCIS to adjudicate her application within 90 days of the order. [*Id.* ¶¶ 23–26].

On September 25, 2025, the parties filed a stipulation to remand the case back to USCIS. [Dkt. No. 11]. The stipulation indicated that USCIS would issue a decision on Plaintiff's Application within 120 days after entry of the Court's remand order. [*Id.* at 2]. Moreover, USCIS stated that it would "not oppose any request by Plaintiff to this Court to vacate the remand order" should it fail to issue a decision within 120 days of the Court's remand order. [*Id.*].

The Court granted this stipulation and issued its order remanding the case on September 26, 2025. [Dkt. No. 12, "Remand Order']. The date upon which the 120 day period would expire for USCIS to issue a decision on Plaintiff's Application for Naturalization per the Court's Remand Order is Saturday, January 24, 2026.

This is the present Application to Vacate the Court's Remand Order comes in. On January 16, 2026, Defendant USCIS disclosed to Plaintiff during a meet and confer call that it intended to issue a Notice of Intent to Deny ("NOID") for her Application for Naturalization. [App. at 6]. An NOID is an indication issued by USCIS that the submitted application will likely not be approved based on insufficient evidence or the need for additional evidence. *See* 8 C.F.R. § 103.2(b)(8). Neither Plaintiff nor her counsel were provided a draft of the NOID, which USCIS had already drafted. [App. at 6]. Counsel for Defendant emailed a copy of the NOID to Plaintiff's counsel later that evening. [*Id.* at 6–7].

The NOID states that USCIS "seeks to deny Plaintiff's [Application for Naturalization] based on [Defendant's] allegation that she has not demonstrated an attachment to the principles of the U.S. Constitution or that she is disposed to the good order and happiness of the United States." [App. at 7]. Plaintiff argues that the basis for the NOID is her husband's protected free speech, which she believes is "undeniably unconstitutional." [*Id.*]. Accordingly, Plaintiff requests that the Court vacates its Remand Order and reopen and return the case to the Court's active calendar. [*Id.* at 21].

Defendant USCIS opposes the Application to Vacate the Remand Order in part. [*See generally* Opposition].

For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Application.

## II. LEGAL STANDARD

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III. DISCUSSION

Although Plaintiff raises questions of the constitutionality of Defendant's conduct in her Application, Plaintiff clarifies that the "primary basis" of the emergency application is Defendant's violation of its own standard timeframes set for individuals to provide responses to NOIDs. [App. at 14–21].

In opposing the Application, Defendant raises three arguments: (1) Plaintiff cannot show irreparable prejudice; (2) Plaintiff's request for vacating the Remand Order is based on her disagreement with the outcome but not the possibility of a timely decision by USCIS; and (3) Plaintiff cannot show she was entitled to a greater timeframe to respond to the NOID than what USCIS provided her, nor prejudice from the agency's NOID. [*See* Opp. at 2]. Nevertheless, Defendant notes that it proposed a joint extension of the 120-day remand purpose to provide Plaintiff additional time to respond to the basis for denial as contained in the NOID and to ensure Defendant acquired an exception to a hold on adjudication for applicants from certain countries pursuant to a recently issued Policy Memorandum. [*Id.* at 2 n.1].

The Court first examines whether Plaintiff is entitled to ex parte relief.

**A. Ex Parte Relief**

*Ex parte* relief is justified if the applying party can show that "there is a threat of immediate or irreparable injury." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013). As reflected by the Complaint, it does not appear that Plaintiff is at fault for any of the delay in the adjudication of the Application for Naturalization nor responsible for any timelines set for the issuances of the NOID and corresponding deadlines to respond.

Here, Plaintiff states that she faces irreparable and irreversible harm given the circumstances of her Application for Naturalization. [*See* App. at 18–20]. That harm is denial of her Application for Naturalization without an adequate opportunity to be heard by Defendant.

The deadline for Defendant to adjudicate Plaintiff's Application for Naturalization is imminent: Saturday, January 24, 2026. [*Id.* at 17 n.4; *See* Remand Order]. Yet, Plaintiff's deadline to respond to the NOID is Friday, January 23, 2026. Plaintiff notes that the possibility that her Application for Naturalization to be approved is "impossible to do in one day's time." [App. at 16]. Indeed, as Plaintiff notes, any possibility of approving her application would require that Defendant "have allotted *at least several weeks* following the deadline to respond to the NOID" to schedule any oath ceremony to swear her in as a citizen." [*Id.*]. The Court is persuaded that the circumstances reflect that Defendant "has no intention of considering Plaintiff's response to the NOID" and "has already reached a final determination that Plaintiff is ineligible for naturalization." [*Id.* at 17].

Defendant disputes whether Plaintiff has adequately shown irreparable harm or prejudice. [*See* Opp. at 3–4]. According to Defendant, because it "issued the NOID prior to the 120-day deadline and provided the total remaining time available for a response," Plaintiff does not face irreparable harm because "there is no basis for concluding that [Defendant did not comply] with the Court's order to date." [*Id.* at 4].

The Court understands Defendant intends to comply with the Remand Order by issuing a timely decision on Plaintiff's Application for Naturalization within the 120-day deadline. [*See* Opp. at 4 n.2]. Even assuming Plaintiff submits a timely response to the NOID by January 23, 2025, Defendant would only have a 24-hour period to review her response and adjudicate the Application for Naturalization.

As the parties both indicate, the typical time provided to applicants for immigration benefits to respond to an NOID is 33 days. [App. at 6; Opp. at 4]. *See also* 8 C.F.R. § 103.2(b)(8)(iv). Although the NOID sets the deadline for Plaintiff to respond for January 23, 2026, that deadline appears to have been determined based on "the total balance of the remaining remand period" pursuant to the Court's Remand Order. [Opp. at 4 n.2; *see also* Dkt. No. 15-1 at 1–12, "Notice of Intent to Deny" or "NOID"].

Given Defendant's prior delay in adjudication, the Court finds that it is highly unlikely that any response to the NOID submitted by Plaintiff could be fully considered by Defendant in adjudicating her Application for Naturalization. Such circumstances are unfair to Plaintiff, who has been provided with a mere week to respond to an NOID that will likely be swiftly decided without a full opportunity to review her response. Moreover, such expectation that Defendant fully consider a response filed by Plaintiff and issue a decision on her Application for Naturalization within 24 hours is unrealistic. The consequences of these events are perhaps more dire.

Without immediate relief from this 24-hour timeline, Plaintiff states she "will not be able to seek judicial review of her eligibility for naturalization until first going through [an] administrative appeal process." [App. at 19]. Plaintiff is understandably concerned with Defendant's excessive delay in the administrative appeals process due to her prior experience with USCIS.

Because the present situation results in Plaintiff's inability to receive adequate consideration of her response by Defendant, the Court finds that she has

sufficiently presented a threat of immediate or irreparable injury. The Court now considers what relief is appropriate.

**B. Whether Plaintiff is Entitled to Relief**

The Court does not bear on the merits of Plaintiff's Application for Naturalization nor the constitutionality of Defendant's conduct.

The Application requests that this Court vacate the previously entered Remand Order to "prevent USCIS from denying Plaintiff's [Application for Naturalization] and allow the Court and the parties adequate time to reach a fair and equitable resolution." [App. at 17].

Defendant posits that "there is no reason to vacate [the Remand Order] particularly where Defendant has already indicated its intent to deny within the prescribed timeline." [Opp. at 5]. Furthermore, the Opposition indicates that "Plaintiff does not articulate why the regular motion practice here would be insufficient to vacate the remand and return to the Court for a determination or remand with instructions." [*Id.* at 4].

The Court agrees that Plaintiff's request to vacate the Remand Order would be more appropriate for regular motion practice. But that does not mean Plaintiff is not entitled to any relief.

Perhaps Plaintiff's articulation of the requested relief does not fully capture what Plaintiff purports is "the primary basis of [her] instant emergency application." [App. at 14]. Plaintiff stated that these circumstances have denied Plaintiff a meaningful opportunity to address any possible grounds of ineligibility prior to Defendant's final decision. [*Id.* at 15].

Accordingly, the Court interprets Plaintiff's Application to request the standard time to which she would be entitled to respond to her NOID such that she has an opportunity to address possible grounds of ineligibility prior to Defendant's final decision. [*See* App. at 6, 15]. Defendant further indicates that it "continues to be amenable to [an] extension should the Court deem it appropriate." [Opp. at 2 n.1].

Because Plaintiff's core request appears to be unopposed by Defendant, the Court hereby **ORDERS** Defendant to provide Plaintiff with the standard 33-day period to respond to the NOID. As such, the Court **CONTINUES** the 120-day window from the Remand Order by 33 days. Conferring Plaintiff with this period

of time will allow Plaintiff to provide a full response to the NOID as well as provide Defendant with adequate time to meaningfully consider her response in connection with adjudicating her Application for Naturalization.

## IV. CONCLUSION

As Plaintiff's Application request to vacate the Remand Order, the Court **DENIES IN PART** the requested relief. However, to ensure Plaintiff receives an opportunity to be heard, the Court **GRANTS IN PART** her Application and **ORDERS** the 120-day window referenced in the Remand Order is extended by 33 days. For purposes of clarity, the expiration of the relevant time period is hereby **SET** to **Saturday, February 28, 2026.**

The Court **ORDERS** the parties to submit a Joint Status Report as to the status of Plaintiff's Application for Naturalization. Parties must submit this Joint Status Report by **Monday March 2, 2026.**

**IT IS SO ORDERED**.